PROB 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 3 2006

at 3 o'clock and 10 min. P M
SUE BEITIA, CLERK

# United States District Court

for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CLAYTON R. CROWELL          Case Number: CR 03-00072-01

Name of Sentencing Judicial Officer:   The Honorable Barry M. Kurren
                                       U.S. Magistrate Judge

Date of Original Sentence: 9/10/2003

Original Offense:   Simple Possession of Marijuana, in violation of 21 U.S.C. §844(a)

Original Sentence:   Twelve (12) months supervision without a judgment of conviction first being entered, pursuant to 18 U.S.C. § 3607 [Deferred Acceptance of Guilty Plea (DAGP)], with the following special conditions:  1) the defendant shall participate in a drug education and/or treatment program if ordered to do so by the supervising probation officer; and 2) the defendant shall undergo drug testing, including but not limited to urinalysis, if ordered to do so by the supervising probation officer.

Revocation
Sentence:   On 10/31/2003, the Court revoked the DAGP as a result of the subject's illicit drug use.  He was sentenced to a two (2) year term of probation with the following special conditions:  1) that the defendant is prohibited from possessing any illegal or dangerous weapons; and 2) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

Modified
Sentence:   On 11/16/2004, a petition for revocation was filed based upon violations that included the subject's use of an illicit substance, refusal to comply with drug testing, and engaging in conduct constituting Burglary in the Second Degree.  On 12/9/2004, the Court continued the subject on supervision with a modified condition that he enroll in intensive outpatient drug treatment.

Revocation Sentence: On 2/4/2005, an amended petition for revocation was filed after the subject again refused to comply with drug testing. On 2/23/2005, the Court revoked the subject's probation. He was sentenced to six (6) months imprisonment and one (1) year of supervised release with the following special condition: 1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

Modified Sentence: On 10/28/2005, the subject's conditions of supervision were modified to include the following special condition: 2) that the defendant perform fifty (50) hours of community service as directed by the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 9/12/2005

## PETITIONING THE COURT

[X]  To modify the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and no more than 8 valid drug tests per month for the duration of the supervision term.

Special Condition No. 3: That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

Special Condition No. 4: That the defendant is prohibited from the possession and use of alcohol.

Prob 12B
(7/93)

3

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition and Standard Condition No. 7 | On 11/9/2005, 11/22/2005 and 11/28/2005, the subject submitted urine specimens that tested positive for methamphetamine, and the subject's admission that he used methamphetamine on or about 10/15/2005, 11/7/2005, 11/21/2005 and 12/8/2005. |
| 2. General Condition and Special Condition No. 1. | On 10/16/2005, 10/27/2005 and 12/7/2005, the subject refused to comply with drug testing imposed as a condition of supervision. |

On 9/10/2003, the offender pled guilty to Simple Possession of Marijuana. The Court granted the offender a Deferred Acceptance of Guilty Plea (DAGP) and ordered him to complete twelve (12) months of supervision. On 10/31/2003, the offender's DAGP was revoked for his failure to report for drug testing and his use of methamphetamine. The offender was subsequently sentenced to two (2) years probation.

However, the offender continued to struggle with his substance abuse issues. His drug use and noncompliance with drug testing continued. Additionally, the offender sustained a State conviction for Burglary. The offender's probation was ultimately revoked on 2/23/2005 and the offender was sentenced to a term of imprisonment with a subsequent year of supervised release.

Following the offender's incarceration for both the probation revocation sentence and the Burglary conviction, the offender commenced with supervision on 9/12/2005. The conditions of supervised release were reviewed with the offender on 7/6/2005 and 9/13/2005.

The offender was subsequently referred to Freedom Recovery Services (FRS) for substance abuse counseling and drug testing. On 10/17/2005, the offender's substance abuse counselor reported that on 10/16/2005, the offender admitted that he smoked methamphetamine on or about 10/15/2005. The offender refused to submit a urine specimen.

As a result of the offender's drug use and refusal to comply with drug testing, we recommended that the offender participate in an intensive outpatient program (IOP) for substance abuse treatment as a corrective measure and complete fifty (50) hours of community service as a sanction. The Court concurred with our recommendation. Despite this intervention, the offender refused to comply with drug testing on 10/27/2005. With regard to drug testing, the offender is required to call a telephone message recorder daily to obtain instructions for submitting a urine specimen.

Prob 12B
(7/93)

4

On 10/31/2005, the offender reported for an office visit with the undersigned and Supervising U.S. Probation Officer (SUSPO) Timothy Jenkins. When confronted with the missed urine test, the offender stated that he forgot to call the prerecorded message regarding the drug testing schedule on 10/27/2005. The offender was sternly admonished and reminded that future noncompliance could result in more serious adverse action.

On 11/9/2005, the offender submitted a urine specimen that tested positive for methamphetamine. When questioned the offender admitted that he smoked methamphetamine on or about 11/7/2005. The offender was verbally reprimanded. On 11/22/2005, the offender submitted a urine specimen that tested positive. When confronted, the offender readily admitted to smoking methamphetamine on or about 11/21/2005.

Based on the offender's continued illicit drug use, he was instructed to immediately enroll in residential treatment. While pending entry into residential treatment, the offender was instructed to attend daily outpatient counseling sessions. Following these instructions, the offender submitted a subsequent positive urine specimen for methamphetamine on 11/28/2005 and failed to submit to drug testing on 12/7/2005.

As the offender was having difficulty gaining entry into a residential treatment program because of medical concerns (problem with seizures), our office continued to work with the offender while he remained in outpatient counseling. While attending daily counseling, the offender disclosed that he suffers from depression. As a result, the offender was referred to a psychiatrist and prescribed medication for his depression.

On 12/10/2005, the offender admitted in counseling at FRS that he used methamphetamine on 12/8/2005. Aware that our office would likely move for revocation based on his continued illicit drug use, the subject requested a meeting with the undersigned and SUSPO Jenkins.

On 12/14/2005, the undersigned and SUSPO Jenkins met with the subject. He requested to remain in the community and that he be given additional time to address his methamphetamine addiction. The subject claimed that his anti-depression medication, in conjunction with his daily participation in substance abuse counseling, was making a positive difference. The subject indicated that he no longer feels the overpowering urge to use methamphetamine.

Our office was willing to continue to work with the offender after confirming with FRS that they were observing a noticeable change in his behavior since being prescribed anti-depressants and that the offender was making great strides in counseling. Nevertheless, the offender was warned that any future missed drug tests or drug use would result in the initiation of revocation proceedings. The offender stated that he was determined to beat his methamphetamine addiction.

Prob 12B (7/93)

5

It is respectfully recommended that the Court allow the offender to remain under the supervision of our office. In an effort to assist and more closely supervise the offender, it is also requested that the Court modify the conditions of supervision to formally require the offender to participate in mental health counseling and refrain from the possession and use of alcohol. Both the offender and his counselor agree that an alcohol prohibition is necessary because it has been identified as a trigger for illicit drug use.

Lastly, in light of <u>U.S. vs. Stephens</u>, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to authorize and allow random drug testing to continue.

Attached is a signed Waiver of Hearing to Modify Conditions of supervision. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modifications. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Approved by:

TIMOTHY JENKINS
Supervising U.S. Probation Officer

Date: 1/10/2006

Prob 12B
(7/93)

6

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
LESLIE E. KOBAYASHI
U.S. Magistrate Judge

1/10/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

General Condition   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and no more than 8 valid drug tests per month for the duration of the supervision term, (mandatory condition).*

2   *That the defendant participate in a mental health program at the discretion and direction of the Probation Office.*

3   *That the defendant is prohibited from the possession and use of alcohol.*

Witness: _____
ALYSA K. MAKAHANALOA
U.S. Probation Officer Assistant

Signed: _____
CLAYTON CROWELL
Supervised Releasee

12/21/05
Date